# TRAUB LIEBERMAN
## STRAUS & SHREWSBERRY LLP

**NEW YORK | NEW JERSEY | FLORIDA | CHICAGO**

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

Telephone (914) 347-2600
Facsimile  (914) 347-8898
www.traublieberman.com

January 20, 2011

<u>**ORIGINAL FILED BY ECF**</u>

Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Beigelman, Feiner & Feldman, P.C. v. Evgeni Petrosyan*
> 10 Civ. 3471 (CBA)(JO)
> <u>Our File No.: 450.0415</u>

Honorable Madam:

This firm represents plaintiff with respect to the counterclaim in the above-referenced matter. Pursuant to your rules, we hereby request a pre-motion conference on behalf of plaintiff Beigelman, Feiner & Feldman, P.C. (hereinafter, "the law firm") in support of its planned motion to dismiss the counterclaim by defendant, in lieu of an answer thereto, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff commenced this action by filing a summons and complaint in the United States District Court, Eastern District of New York on July 29, 2010.  The complaint seeks recovery of attorney fees owed to the law firm by defendant, for its representation of defendant in *Petrosyan v. DirecTV Group, Inc.*, 08 Civ. 1566 (NGG) (hereinafter, "the DTV Action").  The complaint seeks damages in the amount of $122,080.33 and pre-judgment interest.

## The Counterclaim

By answer dated October 1, 2010, the defendant asserted a counterclaim against the law firm, which purportedly sounds in legal malpractice.  Specifically, defendant alleges that he hired the law firm to represent him in the DTV Action in December 2007.  Counterclaims ¶¶ 1-6.  Defendant generally alleges that the law firm did not have the expertise necessary to represent him in trade mark and right of publicity litigation of the type at issue in the DTV Action.  Counterclaims ¶¶ 3-5, 10-11.

In support of his counterclaim, defendant alleges that the law firm failed to demand key

Honorable Carol Bagley Amon
10 Civ. 3471 (CBA)(JO)
Page 2

financial documentation during discovery, mistakenly served a non-party subpoena at the wrong address and failed to identify a damages expert. Counterclaims ¶¶12-17. It is alleged that the law firm urged the defendant to settle, but that the defendant disagreed with the law firm's assessment of the value of the case. Counterclaims ¶¶19-21. It is alleged, therefore, that defendant terminated the law firm's representation of him in March 2009, and retained new counsel. Counterclaims ¶¶22-24. Defendant alleges that his "new counsel was forced to spend a significant amount of time and effort undoing the damage done by [the law firm's] inadequate handling" of the DTV Action. Counterclaims ¶25.

Defendant asserts a single cause of action against the law firm sounding in legal malpractice. Defendant seeks to be relieved of the obligation of paying the outstanding legal fees owed to the law firm, as well as unspecified compensatory damages, costs and fees.

## Basis for Dismissal of Counterclaim

In his counterclaim, the defendant alleges that the DTV Action remained viable until after the law firm ceased representing him. Counterclaims ¶24. Defendant also alleges that the law firm ceased to represent him in March 2009, and that substitute counsel replaced the law firm at such time. Counterclaims ¶24. It is even alleged that such substitute counsel was able to "properly move the case forward" and undo the alleged deficiencies of the law firm's work on the DTV Action. Counterclaims ¶¶25-27.

Based upon the foregoing, according to the defendant's own allegations, the counterclaim fails to state a claim against the law firm. It is well settled under New York law that in order to properly plead an action against an attorney for legal malpractice, a plaintiff must allege the following essential elements: (1) that an attorney-client relationship existed between the plaintiff and the defendant; (2) that the attorney acted negligently; (3) that the negligence was the "but for" cause of the loss sustained; and (4) actual and ascertainable damages. *Bishop v. Maurer*, 33 A.D.3d 497, 498, 823 N.Y.S.2d 366, 368 (1st Dep't 2006); *Schwartz v. Olshan Grundman Frome & Rosenzweig*, 302 A.D.2d 193, 198, 753 N.Y.S.2d 482, 486 (1st Dep't 2003); *Lucas v. Lalime*, 998 F. Supp. 263, 268 (W.D.N.Y. 1998).

In order to survive a motion to dismiss, a legal malpractice complaint must allege not only that the defendant attorney breached a duty to the plaintiff, but that "but for" the defendant attorney's malpractice, the plaintiff would have received a more advantageous result, would have prevailed in the underlying action or would not have sustained some actual and ascertainable damage. *Magnacoustics, Inc. v. Ostrolenk, Faber, Gerb & Soffen*, 303 A.D.2d 561, 562, 755 N.Y.S.2d 726, 727 (2d Dep't 2003); *Schwartz*, 302 A.D.2d at 198, 753 N.Y.S.2d at 486; *Pellegrino v. File*, 291 A.D.2d 60, 738 N.Y.S.2d 320 (1st Dep't 2002), *leave to appeal denied*, 98 N.Y.2d 606, 746 N.Y.S.2d 456 (2002); *Stroock & Stroock & Lavan & Beltramini*, 157 A.D.2d 590, 550 N.Y.S.2d 337 (1st Dep't 1990). Where the plaintiff fails to properly allege this "case within a case" requirement, obligating

**TRAUB LIEBERMAN**
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

Honorable Carol Bagley Amon
10 Civ. 3471 (CBA)(JO)
Page 3

him to set forth that the only reason for the complained of result was the attorney's malpractice, the complaint must be dismissed. *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.,* 10 A.D.3d 267, 271-72, 780 N.Y.S.2d 593, 596 (1st Dep't 2004); *see also Magnacoustics,* 303 A.D.2d at 561, 755 N.Y.S.2d at 727. This is the case regardless of whether the plaintiff can demonstrate negligence on the part of the attorney. *Schwartz,* 302 A.D.2d at 198, 753 N.Y.S.2d at 486.

Moreover, under New York law, a legal malpractice claim will not survive against an attorney where successor counsel has been retained to represent the client in the same matter, and has sufficient time to adequately protect such client's rights. Defendant herein readily admits in his pleading that successor counsel replaced the law firm in March 2009, and had sufficient time to "properly move the case forward." Counterclaims ¶27. Accordingly, defendant has failed to properly allege, as he must, that the law firm proximately caused any damage to defendant. *Katz v. Herzfeld & Rubin,* 48 A.D.3d 640, 853 N.Y.S.2d 104 (2d Dep't 2008) (motion to dismiss legal malpractice complaint granted because subsequent counsel had opportunity to pursue appropriate remedy); *Albin v. Pearson,* 289 A.D.2d 272, 734 N.Y.S.2d 564 (2d Dep't 2001) (legal malpractice complaint dismissed because action was viable when successor counsel was retained); *Golden v. Cascione, Chechanover & Purcigliotti,* 286 A.D. 2d 281, 729 N.Y.S.2d 140 (1st Dep't 2001) (proximate cause not demonstrated where successor counsel was representing plaintiff when the statute of limitations expired).

Based upon the foregoing, defendant has failed to properly allege proximate causation against the law firm, and has therefore failed to assert a claim against the law firm upon which relief may be granted. Accordingly, on behalf of the law firm, we respectfully request the scheduling of a pre-motion conference, wherein permission to move to dismiss the counterclaim will be sought.

Respectfully submitted,

Lisa L. Shrewsberry

/cpa

cc:   James J. Regan, Esq.
      Satterlee Stephens Burke & Burke LLP
      230 Park Avenue
      New York, New York 10169
      (212) 818-9200
      *Attorneys for Defendant, Evgeni Petrosyan*

**TRAUB LIEBERMAN**
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

Honorable Carol Bagley Amon
10 Civ. 3471 (CBA)(JO)
Page 4

      T. Michael Wickersham, Esq.
      Beigelman, Feiner & Feldman, P.C.
      100 Wall Street, 23rd Floor
      New York, New York 10005
      (212) 230-1300

**TRAUB LIEBERMAN**
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP